UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| YINERSON, LLC | CIVIL ACTION |
| VERSUS | |
| FARMERS RICE MILLING COMPANY, LLC, ET AL. | NO. 19-00407-BAJ-EWD |

### RULING AND ORDER

Before the Court is Defendant CMA CGM (America), LLC's **Motion for Judgment on the Pleadings (Doc. 35)**. Plaintiff has failed to submit an opposition to Defendant's Motion. For the reasons stated herein, Defendant's Motion is **GRANTED** and Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE**.

### I. RELEVANT BACKGROUND

Plaintiff is a commodities broker. (Doc. 1-2 at ¶ 3). This action seeks damages from Defendant (and others) related to a shipment of rice allegedly lost somewhere between its origin in Houston, Texas and its intended delivery in China. (*Id.* at ¶¶ 19-22). Plaintiff alleges that Defendant contracted with Plaintiff's supplier to transport the rice overseas, (*id.* at ¶ 18), but that the rice was seized by Chinese Customs officials (and never reached Plaintiff's customers) because Defendant mishandled paperwork and employed "unlicensed shippers." (*Id.* at ¶ 29).

Plaintiff filed its original action in Louisiana state court on May 10, 2019. (Doc. 1-2 at 3). Defendant removed the case to this Court on June 20, 2019, (Doc. 1),

1

answered Plaintiff's complaint on June 26, 2019, (Doc. 6), and thereafter filed the instant Motion for Judgment on the Pleadings on October 31, 2019. (Doc. 35). For present purposes, Defendant does not dispute that it contracted to transport the rice overseas, or that Chinese Customs seized the shipment. (*See* Doc. 35-1 at 3). Still, however, Defendant argues that Plaintiff's claims must be dismissed because the operative Bill of Lading contains a "Jurisdiction" clause requiring all claims arising under the contract to be pursued in France. (*See id.* at 3).[1]

Local Rule 7(f) required Plaintiff to file its opposition, if any, within 21 days of service of Defendant's Motion. Ten months have passed, and still Plaintiff has failed to respond. Since Plaintiff has failed to oppose Defendant's Motion for Judgment on the Pleadings consistent with the requirements of Local Rule 7(f), the Court must and does conclude that Plaintiff has no opposition to the Motion. *See Directv, Inc. v. Price*, 403 F. Supp. 2d 537, 540 (M.D. La. 2005); *see also Stump v. Barnhart*, 387 F. Supp. 2d 686, 690 (E.D. Tex. 2005) ("If the non-moving party fails to oppose a motion in the manner set forth in the local rules, the court may and should assume that the party has no opposition.").

## II. ANALYSIS

### A. Standard

The standard for deciding a Rule 12(c) motion for judgment on the pleadings is

---

[1] Alternatively, Defendant contends Plaintiff's claims must be dismissed because (1) Plaintiff is not the real party in interest; (2) Plaintiff's claims are time barred; and (3) Defendant was acting as an agent for a disclosed principal. (*See* Doc. 35-1 at 1). For reasons that follow, the Court determines that dismissal is appropriate based on the Bill of Lading's "Jurisdiction" clause. As such, the Court does not address these remaining defenses.

2

the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* (quotation marks omitted). When considering a Rule 12(c) motion, the Court is generally confined to the pleadings and must accept all allegations contained therein as true. *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). The Court may, however, consider documents referenced in the Complaint and central to Plaintiff's claims without converting the motion to a motion for summary judgment. *See Van Duzer v. U.S. Bank Nat. Ass'n*, 995 F. Supp. 2d 673, 685 (S.D. Tex.), *aff'd*, 582 F. App'x 279 (5th Cir. 2014).

Here, the discrete issue is whether to enforce the Bill of Lading's "Jurisdiction" clause requiring Plaintiff to pursue its claims in France. The U.S. Court of Appeals for the Fifth Circuit has instructed that such a choice-of-forum clause is "presumptively valid," provided, however, it will be "held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 239 (5th Cir. 2009). "The critical inquiry to determining whether a clause violates public policy is whether the choice-of-forum and choice-of-law clauses operated in tandem as a prospective waiver of a party's right to pursue statutory remedies." *Id.* (quotation marks omitted). "The party resisting enforcement on these grounds bears a heavy burden of proof." *Id.* (quotation marks omitted).

3

## B. Discussion

As alleged, Plaintiff's claims against Defendant arise from Defendant's contract to transport the rice shipment from Houston to China. (Doc. 1-2 at ¶ 18). The terms of this contract appear in a December 13, 2017 Bill of Lading, submitted to the Court with Defendant's removal papers. (*See* Doc. 1-4). Relevant here, the Bill of Lading contains a "Jurisdiction" clause requiring disputes between "the Carrier and the Merchant" to be pursued in France:

> **31. Jurisdiction**
> All claims and actions arising between the Carrier and the Merchant in relation with the contract of Carriage evidenced by this Bill of Lading shall exclusively be brought before the Tribunal de Commerce de Marseille and no other Court shall have jurisdiction with regards to any such claim or action. Notwithstanding the above, the Carrier is also entitled to bring the claim or action before the Court of the place where the defendant has his registered office.

(*See* Doc. 1-4 at 3). The Bill of Lading broadly defines "Merchant" to include "the Shipper, Holder, Consignee, Receiver of the Goods, any Person owning or entitled to the possession of the Goods or of this Bill of Lading and anyone acting on behalf of any such Person." (*Id.*).

On its face, the Bill of Lading specifically identifies the Defendant as "Carrier" and Plaintiff as "Consignee." (*See id.* at 2). Facing no opposition from Plaintiff, and in the absence of any indication that enforcing the Jurisdiction clause would violate public policy or result in a prospective waiver of Plaintiff's right to pursue any statutory remedies, the Court concludes that the "Jurisdiction" clause controls and that Plaintiff must pursue its claims against Defendant in France. *See Ambraco*, 570

4

F.3d at 236 (affirming dismissal of plaintiff's action against various carriers based on bill of lading's forum selection clause requiring appellant to pursue all claims in England).

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. 35) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant CMA CGM (America), LLC are **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, this 9th day of September, 2020

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**