# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**YINERSON, LLC**                                                 CIVIL ACTION

**VERSUS**

**FARMERS RICE MILLING COMPANY,**                NO. 19-00407-BAJ-EWD
**LLC, ET AL.**

## RULING AND ORDER

Before the Court is Defendant Farmers Rice Milling Company, LLC's **Motion to Dismiss (Doc. 24)**. Plaintiff opposes Defendant's Motion. (Doc. 30). For the reasons stated herein, Defendant's Motion is **GRANTED IN PART** and Plaintiff's fraud claim is **DISMISSED**, subject to Plaintiff's right to file an amended complaint within 21 days from the date of this Order. Defendant's Motion is **DENIED** in all other respects.

## I.   RELEVANT BACKGROUND

### A. Alleged Facts

This action seeks damages from Defendant (and others) related to a shipment of rice allegedly lost somewhere between its origin in Houston, Texas and its intended delivery in China. (Doc. 1-2 at ¶¶ 19-22). For present purposes, the following allegations are accepted as true:

Plaintiff is a commodities broker doing business under various names, including Yinerson, LLC, American Yinerson Trading Co., Ltd., and Yangpu Yinerson Trading Co., Ltd. (Doc. 1-2 at ¶ 3). Defendant operates a rice mill in Lake Charles,

1

Louisiana. (Doc. 24-1 at 2). Plaintiff contracted with Defendant to supply 20 tons of rice for delivery to Plaintiff's customers in China based on Defendant's assurances that Defendant possessed the experience and "necessary expertise" to ship rice to China. (Doc. 1 at ¶ 6). Specifically, Defendant's employee, co-Defendant Ana Lefort, "assured [Plaintiff] repeatedly that there would be no issues with shipping rice to China," and "that she had been shipping rice to China for more than ten years." (*Id.* at ¶¶ 7-8). Plaintiff contends that each of these statements was "inaccurate," and that Defendant made these "false statements" in order to secure Plaintiff's business. (*Id.* at ¶¶ 9-12).

Plaintiff executed its supply contract with Defendant and placed its first order for rice on October 30, 2017. (*Id.* at ¶ 16). In December 2017, Defendant delivered Plaintiff's order to the Port of Houston, where Defendant tendered the rice to its overseas carrier, co-Defendant CMA CGM (America), LLC ("CGM CMA"). (*Id.* at ¶ 20). In January 2018, Defendant informed Plaintiff that "the rice had arrived in China and would soon be transferred to its destination port for final delivery." (*Id.* at ¶ 21). Soon thereafter, however, "the shipment went missing." (*Id.* at ¶ 22).

Plaintiff contends that Defendant initially deflected blame for the missing shipment, attributing it to a "miscommunication." (*Id.* at ¶¶ 23-24). In reality, the rice was seized by Chinese Customs, allegedly because Defendant mishandled paperwork and employed "unlicensed shippers." (*Id.* at ¶ 29). Defendant allegedly "concealed" these errors for months, "and even represented that there was a mistake and [these] errors had not occurred." (*Id.* at ¶ 30). Plaintiff discovered the truth

2

sometime in May 2018, when Defendant "finally admitted that there had been an error but blamed CMA [the carrier]." (*Id.* at 31). Despite Plaintiff's efforts to "procure replacement rice" and save its sales contracts, Plaintiff's customers ultimately cancelled their orders and Plaintiff lost business due to Defendant's acts and omissions. (*Id.* at 33-35).

### B. Procedural History

Plaintiff filed its original action in Louisiana state court on May 10, 2019, alleging breach of contract, fraud, and negligence against Defendant, Lefort, CGM CMA, and a fourth co-Defendant, Navis GPS, Inc. (Doc. 1-2 ¶¶ 36-38). Defendant removed to this Court on June 20, 2019. (Doc. 1). Thereafter, Plaintiff voluntarily dismissed its claims against Mrs. Lefort and Navis GPS. (*See* Docs. 21, 22, 27, 32). More recently, the Court dismissed Plaintiff's claims against CMA CGM, determining that any such claims must be pursued in France under the operative Bill of Lading. (Doc. 37).

Defendant now seeks dismissal of Plaintiff's action, contending that Plaintiff's claims fail as a matter of law. (Doc. 24). Specifically, Defendant argues (1) Plaintiff's contract claim fails because Plaintiff is not a party to the underlying sales contract; (2) Plaintiff's fraud claim fails for lack of specificity; and (3) Plaintiff's fraud and negligence claims are prescribed on their face. (*See id.*). Plaintiff opposes Defendant's Motion. (Doc. 30). Defendant has filed a reply. (Doc. 34). For reasons that follow, Defendant's Motion will be granted in part, and Plaintiff's fraud claim will be dismissed, subject to Plaintiff's right to file an amended complaint.

## II.    ANALYSIS

### A. Standard

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

### B. Discussion

#### i. Breach of Contract

Plaintiff alleges breach of contract based on Defendant's failure "to deliver the

goods, as promised, when promised." (Doc. 1-2 at ¶ 37). In Louisiana, the essential elements of a breach of contract claim are (1) the obligor undertook an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee. *Denham Homes, L.L.C. v. Teche Fed. Bank*, 2014-1576 (La. App. 1 Cir. 9/18/15), 182 So. 3d 108, 119 (citing La. C.C. art. 1994).

Defendant does not dispute that Plaintiff's Complaint pleads the basic elements of breach of contract. After all, Plaintiff alleges (1) Plaintiff contracted with Defendant for a shipment of rice to be delivered to Plaintiff's customers in China; (2) Defendant mishandled paperwork and employed "unlicensed shippers," which resulted in Plaintiff's shipment being seized by Chinese Customs; and (3) consequently, Plaintiff lost profits and customers. Instead, Defendant seeks dismissal because Plaintiff fails to disclose which entity among its various alleged trade names—Yinerson, LLC, American Yinerson Trading Co., Ltd., and/or Yangpu Yinerson Trading Co., Ltd.—executed the sales contract with Defendant. (Doc. 24-1 at 5). To support its position, Defendant reaches outside the four corners of the Complaint, suggesting that Plaintiff has failed to properly register its trade names and may be operating under assumed names in violation of Louisiana law, and asserting in a footnote that "the evidence will show that [Defendant] entered into an agreement with Yangpu, not Yinerson." (*Id.* at n.3).

The Court is not persuaded. What the evidence may ultimately show regarding Plaintiff's business practices and the contract relationship among the parties, and

what significance that evidence may bear on the instant dispute, is for a later date. At this stage, the Court is limited to the allegations of the Complaint. The Complaint *alleges* a plausible breach of contract, which Defendant does not contest. Defendant's request to dismiss Plaintiff's breach of contract claim is denied.

### ii.  Fraud

Plaintiff alleges fraud based on Defendant's alleged misrepresentations regarding its experience and expertise shipping rice to China, and its initial assurances "that there was no problem" when the shipment disappeared. (Doc. 1-2 at ¶ 36). Defendant contends that these allegations are too vague to support a plausible fraud claim. The Court agrees.

In Louisiana, "[f]raud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." La. C.C. art. 1953. In addition to the requirements of Rule 12(b)(6), a plaintiff alleging fraud must satisfy Rule 9(b), and plead "with particularity the circumstances constituting fraud." Fed. R. Civ. Pro. 9(b). The Fifth Circuit "interprets Rule 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (quotation marks omitted). In other words, a plaintiff must "set forth the who, what, when, where, and how of the alleged fraud." *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (quotation marks omitted).

Here, Plaintiff hardly sets forth the who, what, when, where, and how, let alone with the specificity required by Rule 9(b). Rather, Plaintiff's allegations merely suggest that at some point between June and October 2017, Mrs. Lefort (and possibly others) misrepresented Defendant's experience and expertise shipping goods to China, and that at various times between January and May 2018, Mrs. Lefort (and possibly others) misrepresented the cause of the missing shipment, claiming it was the result of a miscommunication, not intervention by Chinese Customs. These allegations altogether lack the requisite "where" and "how," and are seriously deficient regarding the requisite "who," "what," and "when." Accordingly, Defendant's request to dismiss Plaintiff's fraud claim is granted. *E.g.*, *Trinity Med. Servs., L.L.C., et al., v. Merge Healthcare Sols., Inc.*, No. 17-cv-592, 2018 WL 3748399, at *4 (M.D. La. Aug. 7, 2018) (dismissing plaintiffs' fraud claim for lack of specificity).

### iii.  Prescription

Finally, Defendant asserts that Plaintiff's fraud and negligence claims must be dismissed because they are time-barred under La. C.C. art. 3492, Louisiana's one-year prescriptive period for delictual actions. (Doc. 24-1 at 8-9).

Here, again, the Court is not persuaded. Plaintiff alleges that Defendant concealed and misrepresented the true cause of the missing shipment "into May of 2018, until [Defendant] finally admitted that there had been an error but blamed CMA." (Doc. 1-2 at ¶ 31). At this early stage, Defendant's alleged concealment and misrepresentation triggers *contra non valentum*, rendering Plaintiff's claims timely if pursued within one year of discovery. *Our Lady of the Lake Hosp., Inc. v. Carboline Co.*, 632 So. 2d 339, 343 (La. Ct. App. 1993), *writ denied* 635 So. 2d 228 (La. 1994)

7

("Thus, if the debtor's conduct constitutes concealment, misrepresentation, fraud, or other ill practices that prevents plaintiff from availing itself of its cause of action or lulls plaintiff into a false sense of security, the doctrine of contra non valentem is triggered."). Plaintiff filed its original state court action on May 10, 2019, apparently within one year of discovering Defendant's concealment. Thus, these claims are not prescribed on their face.

Defendant's request for dismissal on the basis of prescription is denied, subject to Defendant's right to re-raise the defense if the evidence shows that Plaintiff knew or should have known of its claims prior to May 10, 2018.

### C. Amendment

"When a complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend before dismissing the action with prejudice unless it is clear that the defects in the complaint are incurable." *Tow v. Amegy Bank N.A.*, 498 B.R. 757, 765 (S.D. Tex. 2013) (citing authorities); *see also* 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2016) ("As the numerous case[s] ... make clear, dismissal under Rule 12(b)(6) generally is not immediately final or on the merits because the district court normally will give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected."). Here, Plaintiff's fraud claim is not conclusively foreclosed, provided Plaintiff establishes the requisite who, what, when, where, and how. Accordingly, the Court will afford Plaintiff the opportunity to amend. *E.g.*, *Trinity Med. Servs.*, 2018 WL 3748399, at *12-13 (allowing plaintiffs to amend their fraud claim to add the requisite "who, what, when, and where").

III.    **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **GRANTED IN PART**. Plaintiff's fraud claim is **DISMISSED**, subject to Plaintiff's right to file an amended complaint within 21 days of the date of this Order.

**IT IS FURTHER ORDERED** that Defendant's Motion is **DENIED** in all other respects.

Baton Rouge, Louisiana, this 14th day of September, 2020

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**