UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

YINERSON, LLC

CIVIL ACTION

VERSUS

FARMERS RICE MILLING COMPANY,
LLC, ET AL.

NO. 19-00407-BAJ-EWD

### RULING AND ORDER

As set forth in this Court's prior Orders, this action seeks damages related to a shipment of rice allegedly lost somewhere between its origin in Houston, Texas and its intended delivery in China. (Doc. 1-2). Now, Farmers Rice Milling Company, LLC ("FRMC")—the *only* remaining Defendant—has submitted a **Motion For Summary Judgment (Doc. 51)**, seeking dismissal of Plaintiff's remaining claims of breach of contract and negligence. Plaintiff's deadline for opposing FRMC's Motion has long since passed, with no response from Plaintiff.[1]

Federal Rule of Civil Procedure 56 provides that the Court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec.*

---

[1] At this point, Plaintiff has all but abandoned this action. As set forth in the Court's most recent Order granting FRMC's unopposed Motion To Deem Requests For Admission As Admitted (Doc. 54), since December 2020, Plaintiff has failed to serve any discovery on FRMC or name any experts, and has likewise failed to respond to discovery from FRMC, including requests for admission served more than one year ago. Indeed, the record now reflects that Plaintiff has even discharged its currently-enrolled counsel, yet failed to secure a replacement counsel as required by Local Rule. (*See* Doc. 53 at p. 1)

1

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Stated differently, "[i]f the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required." *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990).

Plaintiff's remaining claims of breach of contract and negligence relate to a misplaced shipment of rice ordered from FRMC on or around October 30, 2017. (Doc. 1-2 at ¶ 16). A breach of contract claim requires, at minimum, "the existence of a contract" among the parties. *1100 S. Jefferson Davis Parkway, LLC v. Williams*, 2014-1326 (La. App. 4 Cir. 5/20/15), 165 So. 3d 1211, 1216, *writ denied*, 2015-1449 (La. 10/9/15), 178 So. 3d 1005. Here, the unrebutted summary judgment evidence now conclusively establishes that Plaintiff was *not* the party that contracted to purchase the rice from FRMC. (*See* Doc. 54 at p. 3 (deeming admitted that "Yinerson, LLC is not a party to the agreement entered into between Yangpu Yinerson Trading Co., Ltd. and Farmers Rice Milling, LLC.")). Rather, the record evidence shows that non-party Yangpu Yinerson Trading Co., Ltd. ("Yangpu Yinerson") executed the operative sales contract. (Doc. 51-3 at p. 8). The record evidence further shows that Yangpu Yinerson was the sole intended payor *and* the sole intended receiver of the shipment under the December 7, 2017 invoice. (Doc. 51-3 at p. 8). In short, there is no evidence whatsoever that Plaintiff actually contracted with FRMC. Having now failed to produce any summary judgment evidence regarding the existence of a contract with FRMC, Plaintiff's breach of contract claim must be dismissed. *Geiserman*, 893 F.2d at 793.

To establish a plausible negligence claim, Plaintiff must show, at minimum, that FRMC had a duty to conform its conduct to a specific standard (the duty element), and that FRMC's conduct failed to conform to that standard (the breach element). *See Selvage v. Gainey Transp. Serv., Inc.*, 2003-0959 (La. App. 4 Cir. 10/8/03), 859 So. 2d 813, 815, *writ denied*, 2003-3085 (La. 1/30/04), 865 So. 2d 84. Here, Plaintiff has previously argued that FRMC's "failure to ensure delivery of the Rice ... was due to [FRMC's] negligence in failing to adhere to the Standard [sic] of care owed by shippers of rice." (Doc. 30 at p. 3). Plaintiff's Petition clarifies that Plaintiff's actual complaint concerns FRMC's alleged failure to ensure that the rice shipment cleared customs upon arrival in China. (Doc. 1-2 at ¶¶ 29-32).

Now, however, the unrebutted summary judgment evidence conclusively establishes that "the terms of the shipment of Rice were 'C&F,'" meaning that the buyer—Yangpu Yinerson—was required to "carry out all customs formalities for the importation of the goods and bear the associated costs." (*See* Doc. 54 at pp. 2-3). The unrebutted evidence further establishes that "the common industry practice is for the party domiciled in the country where customs clearance is anticipated to arrange for such clearance," and that, indeed, "Yangpu Yinerson ... is domiciled in China." (*Id.*). In sum, the unrebutted evidence shows that Yangpu Yinerson—*not* FRMC—assumed responsibility for ensuring that the rice shipment cleared Chinese customs. Having now failed to produce any summary judgment evidence establishing FRMC's duty vis-à-vis Chinese customs (much less FRMC's breach of said duty), Plaintiff's negligence claim must also be dismissed. *Geiserman*, 893 F.2d at 793.

3

Accordingly,

**IT IS ORDERED** that FRMC's **Motion For Summary Judgment (Doc. 51)** be and is hereby **GRANTED** as set forth herein.

**IT IS FURTHER ORDERED** that the above-captioned action be and is hereby **DISMISSED WITH PREJUDICE**.

Judgment shall issue separately.

Baton Rouge, Louisiana, this 27th day of July, 2022

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA